**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN FAHY, | ) | |
| JENNENE STOICESCU, | ) | |
| KIMBERLY ADAMS, | ) | |
| and WILLIAM NORTHCUTT | ) | |
| on behalf of Plaintiffs and the class | ) | |
| members described herein, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:23-cv-03590 |
| v. | ) | |
| | ) | Judge: Matthew F. Kennelly |
| MINTO DEVELOPMENT | ) | |
| CORPORATION; | ) | |
| BENHTI ECONOMIC | ) | |
| DEVELOPMENT CORPORATION; | ) | |
| DOUGLAS WILLIAM ISAACSON; | ) | |
| MINTO FINANCIAL d/b/a Minto Money | ) | |
| and JOHN DOES 1–20, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MINTO DEVELOPMENT CORPORATION AND DOUGLAS
WILLIAM ISAACSON'S MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS UNDER RULE 12(b)(6)**

Defendants Minto Development Corporation ("MDC") and Douglas William Isaacson ("Isaacson") move to dismiss this action against them with prejudice under Federal Rule of Civil Procedure 12(b)(6). In support, Defendants state as follows:

**INTRODUCTION**

Plaintiffs have named MDC and Isaacson as defendants even though neither party had any involvement in the Minto lending operation when Plaintiffs each obtained their loans. Thus, MDC and Isaacson are not proper parties and should be dismissed with prejudice as a result.

1

## **FACTUAL BACKGROUND**

This case is about a lending operation run by Minto Financial d/b/a Minto Money ("Minto"). According to the Complaint, Plaintiffs each obtained loans from Minto in 2022 or 2023. (Compl. ¶¶ 44, 48, 52, 56, ECF No. 1.) Minto exists under the laws of the Native Village of Minto ("Minto Tribe"), a federally recognized tribe based in Minto, Alaska. (*Id.* ¶¶ 21, 71.) Minto is a subsidiary of the Benhti Economic Development Corporation ("BEDCO"). (*Id.* ¶¶ 21, 25.) BEDCO is an economic development corporation organized under the laws of the Minto Tribe. (*Id.* ¶ 12.) Through BEDCO, the Minto Tribe receives funding from Minto's lending business. (*Id.* ¶ 28.) Thus, the relevant entities in the Minto lending operation are Minto itself, BEDCO, and the Minto Tribe.

In 2018, MDC agreed to provide third-party management and operational support services to BEDCO and Minto. (*See* Exhibit A attached hereto, BEDCO Board Resolution No. 2021-30 2.) As Plaintiffs recognize, Isaacson is MDC's Chief Executive Officer. (Compl. ¶ 16.) On December 14, 2021, BEDCO terminated this agreement, thus terminating the relationship with MDC and Isaacson. (Ex. A.) That same day, Minto affirmed the termination of the agreement between BEDCO and Minto. (*See* Exhibit B attached hereto, Minto Board Resolution No. 2021-21 4.) Indeed, even in Plaintiffs' own telling, Isaacson and MDC are essentially one and the same. (*See* Compl. ¶¶ 16, 20, 24–25, 36; *see also id.* Ex. E.) Thus, by the time Plaintiffs each obtained their loans from Minto in 2022 or 2023, neither MDC nor Isaacson had any involvement in Minto's lending operation.

## **ARGUMENT**

Because MDC and Isaacson are not proper parties, they should be dismissed under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must plead

sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"When ruling on a motion to dismiss, the court may consider 'documents attached to the complaint, documents central to the complaint and referred to in it, and information that is properly subject to judicial notice' without converting the motion into one for summary judgment." *Solomon v. City of Naperville*, No. 22-4596, 2023 WL 1992195, at *3 (N.D. Ill. Feb. 14, 2023) (quoting *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017)). The board resolutions attached to this motion (*see* Exs. 1 and 2) are central to the Complaint because Plaintiffs' claims against MDC and Isaacson depend on allegations about their relationship with BEDCO and Minto. (*See* Compl. ¶¶ 14, 16, 20, 24–25.) Further, because BEDCO and Minto are arms of the Minto Tribe, the Court may take judicial notice of the board resolutions as official foreign government documents. *See In re Lion Air Flight JT 610 Crash*, No. 18-7686, 2023 WL 3653218, at *2 (N.D. Ill. May 25, 2023). Additionally, this Court has discretion to convert a motion to dismiss into one for summary judgment. *Lynch v. Collins*, No. 20-2477, 2022 WL 2159826, at *1 (N.D. Ill. June 15, 2022).

Plaintiffs have not—and indeed, cannot—allege sufficient facts to state a claim against MDC or Isaacson. BEDCO and Minto terminated their relationship with MDC and Isaacson before Plaintiffs' alleged injuries occurred. MDC and Isaacson stopped providing management and operating services to BEDCO and Minto in 2021. Yet it was not until April 2022 when Plaintiffs first obtained a loan from Minto. (*Compare* Compl. ¶ 52 *with id.* ¶¶ 44, 48, 56.) Thus, by the time Plaintiffs each obtained their loans, neither Isaacson nor MDC were involved in the Minto lending

3

operation. Under no set of facts, then, could either Isaacson or MDC be liable for the conduct alleged.

Counsel for Defendants shared the information set forth herein with Plaintiffs' counsel prior to the filing of this motion in an effort to obviate the need to file the instant motion. As of the date of this filing, Plaintiffs have taken no action in response to receiving this information and thus Defendants submit this motion to dismiss the improperly named defendants.

## CONCLUSION

For the above reasons, the Court should dismiss with prejudice all claims against Defendants Minto Development Corporation and Douglas William Isaacson. Dismissal with prejudice is appropriate because amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (court may dismiss complaint with prejudice "[w]here it is clear that the defect cannot be corrected so that amendment is futile"); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001) (leave to amend is futile if a new claim would be unable to survive a Rule 12(b)(6) motion to dismiss).

Dated: September 7, 2023

Respectfully submitted,

By: */s/ Sarah A. Zielinski*

Sarah A. Zielinski (IL 6294156)
Amy Starinieri Gilbert (IL 6317954)
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1818
Telephone: (312) 849-8100
Facsimile: (312) 84903690
szielinski@mcguirewoods.com
agilbert@mcguirewoods.com

*Counsel for Defendants Minto Development Corporation, Benthi Economic Development Corporation, Douglas William Isaacson, and Minto Financial d/b/a Minto Money*

4