UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN FAHY, JENNENE STOICESCU, KIMBERLY ADAMS, and WILLIAM NORTHCUTT, on behalf of Plaintiff and the class members described herein, <br><br> Plaintiffs, <br><br> v. <br><br> MINTO DEVELOPMENT CORPORATION; BENHTI ECONOMIC DEVELOPMENT CORPORATION; DOUGLAS WILLIAM ISAACSON; MINTO FINANCIAL d/b/a Minto Money; and JOHN DOES 1-20, <br><br> Defendants. | Case No. 1:23-cv-03590 <br><br> Judge Matthew F. Kennelly <br><br> Magistrate Judge Sheila M. Finnegan |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO TAKE DISCOVERY**

NOW COME Defendants Benhti Economic Development Corporation ("BEDCO"), Minto Financial d/b/a Minto Money ("Minto Money"), Minto Development Corporation ("MDC"), and Douglas William Isaacson ("Isaacson") (collectively, "Defendants"), by and through their attorneys, and in opposition to Plaintiffs' Motion to Take Discovery, state as follows:

**INTRODUCTION**

Plaintiffs' request to take discovery related to Defendants' Motion to Transfer Venue and Motion to Compel Arbitration should be denied. One of those motions—the Motion to Transfer Venue—is based entirely on *Plaintiffs'* allegations in the Complaint and therefore there is no basis to take discovery. The other motion—the Motion to Compel Arbitration—similarly requires no discovery. While certain laws of the Native Village of Minto (the "Minto Tribe") may be relevant

1

to that motion, Defendants have already provided Plaintiffs with a copy of the relevant law.[1] As this Court noted, Plaintiffs are "not entitled to full-blown discovery at this point,"[2] and yet the discovery Plaintiffs seek is far beyond what is necessary to resolve Defendants' Motion to Transfer Venue and Motion to Compel Arbitration. Indeed, of Plaintiffs' 16 interrogatories and nine document requests, only *two* of those requests even remotely relate to the issues raised with respect to the Motion to Compel Arbitration. The other 23 requests amount to nothing more than an improper attempt to prematurely engage in merits discovery. The Court should deny Plaintiffs' motion.

## BACKGROUND

Since April 2022, Plaintiffs have taken out installment loans from Minto Money for amounts ranging between $300 and $2,800. *See* Exhibits A–D to the Complaint. The interest rates on each loan varied, but Plaintiffs bring claims against Minto Money alleging that the interest rates on Plaintiffs' loans exceed the maximum permitted under Illinois law. *See generally* Compl., Dkt. 1. Minto Money, however, is organized under the laws of the Minto Tribe, is owned by the Minto Tribe, and operates as part of, and for the benefit of, the Minto Tribe. *See generally* Amended Answer, Dkt. 33. Thus, Minto Money's position is that it is not subject to state law due to its Tribal sovereign immunity. *Id*.

Since Plaintiffs' Complaint alleges that the situs of material events occurred in Alaska, and given that transferring this case to the District of Alaska would be more convenient and would serve the interests of justice, Minto Money moved to transfer venue to the District of Alaska. *See* Dkt. 24. Additionally, since Plaintiffs each agreed to arbitrate their claims and

---

[1] Undersigned counsel provided a copy of the Minto Tribe's credit code to Plaintiffs' counsel concurrently with the filing of this response brief.
[2] *See* Exhibit A, Transcript of September 15, 2023, Initial Status Hearing.

waived the ability to represent a class, Minto Money has filed a motion to compel individual arbitration, or for an order requiring this case to proceed on an individual basis. *See* Dkt. 26. It is not until these threshold issues are resolved that Minto Money's Tribal sovereign immunity and the merits of Plaintiffs' claims can be addressed.

      Nevertheless, Plaintiffs seek to prematurely engage in discovery related to sovereign immunity, which goes to the heart of Plaintiffs' claims and Defendants' defenses. Plaintiffs admit as much in their motion, stating that they "request to take discovery . . . concerning BEDCO and Minto Financial's claim of entitlement to sovereign immunity." Dkt. 30 ¶ 11. One of the primary considerations with respect to Tribal sovereign immunity is whether the "relationship between the tribe and the entity [seeking immunity] is sufficiently close to properly permit the entity to share in the tribe's immunity." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1183 (10th Cir. 2010). Here, 23 of Plaintiffs' 25 discovery requests relate to Minto Money's lending operation which is relevant to this exact issue. For example, Plaintiffs request that Defendants identify all individuals involved in the lending process, including the people who answer Minto Money's phone, receive their mail, answer customer service emails, receive and process payments, respond to consumer complaints, and perform other lending tasks. *See* Dkt. 32-1. These requests go to the sufficiency of the relationship between the Minto Tribe and Minto Money's lending operation—but sovereign immunity is not currently before the

Court.[3] Because these requests are unrelated to the Motion to Transfer Venue or the Motion to Compel Arbitration, Plaintiffs' motion to take discovery should be denied.

## ARGUMENT

Plaintiffs' motion should be denied for at least two reasons: (1) no discovery is warranted related to Defendants' Motion to Transfer Venue because that motion is based entirely on Plaintiffs' own allegations, which Plaintiffs cannot now contest, and (2) no discovery is warranted related to Defendants' Motion to Compel Arbitration because Defendants have already provided the applicable Tribal code. Further, as set forth above, Plaintiffs' discovery requests relate to the issue of sovereign immunity, which is not yet before the Court.

**I.  Discovery Related To The Motion To Transfer Venue Is Not Warranted.**

Plaintiffs seek discovery related to Defendants' Motion to Transfer Venue, but that request should be denied. As an initial matter, Plaintiffs have not articulated any rationale or identified any caselaw that would allow them to take discovery related to the Motion to Transfer Venue. Plaintiffs' failure to explain why discovery is warranted to resolve a motion to transfer venue suffices to deny their request. *See Green Source Holdings, LLC v. Ingevity Corp.*, No. 18-1067, 2019 WL 1995402, at *5 (W.D. Ark. May 6, 2019) (denying venue-related discovery when plaintiff "failed to establish that venue discovery is warranted") (citing cases).

Nor will discovery help the Court decide whether to transfer venue under 28 U.S.C. § 1404(a). This is so because "[w]hen deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless contradicted by affidavits or

---

[3] As set forth in their Amended Answer and Affirmative Defenses, Defendants reserve the right to file a dispositive motion on the basis of tribal sovereign immunity at a later point in the litigation. *See* Dkt. 33. Defendants first filed their Motion to Transfer Venue and Motion to Compel Arbitration to avoid waiver of those issues and because those motions address threshold issues regarding the forum in which this matter should proceed.

4

other appropriate evidence from the defendant." *Crothall Laundry Servs., Inc. v. OSF Health Care Sys.*, No. 17-8928, 2018 WL 1695364, at *4 (N.D. Ill. Apr. 6, 2018) (citing cases). Indeed, courts permit venue-related discovery under 28 U.S.C. § 1404(a) only in instances where the defendants put forth evidence in support of their motion—which has not occurred here—but even in those cases will deny venue-related discovery if it would be unnecessary or burdensome. *See USTA Tech., LLC v. Google LLC*, No. 22-CA-01214, 2023 WL 4054597, at *4 (W.D. Tex. June 16, 2023) (denying venue-related discovery where defendants provided declarations in support of their motion, finding additional discovery would have been unnecessary); *Sanderling Mgmt. Ltd. v. Snap Inc.*, No. 20-CV-04627, 2021 WL 843428, at *5 (N.D. Ill. Mar. 5, 2021) (denying venue-related discovery where defendants provided declarations in support of their motion, finding additional discovery would not alter the analysis of the case); *Ctr. for Med. Progress v. Becerra*, No. 20-0089, 2020 WL 7065355, at *3 (C.D. Cal. Oct. 22, 2020) (denying venue-related discovery where defendant provided affidavits in support of its motion, finding additional discovery would have been unduly burdensome).

Here, Defendants' Motion to Transfer Venue is based entirely on *Plaintiffs'* allegations in the Complaint. *See* Dkt. 24. There was no need for Defendants to submit affidavits or other evidence in support of its Motion to Transfer Venue because Plaintiffs' own allegations already established that this action should be transferred to the District of Alaska. *Id.* Plaintiffs are not entitled to take discovery to refute or unwind their own allegations. Because the Court need not look any further than the allegations in the Complaint to resolve the Motion to Transfer Venue, venue-related discovery would be unnecessary, inefficient, and overly burdensome on Defendants, and should be denied.

5

As for the order of resolving Defendants' motions, Plaintiffs are wrong that the Motion to Compel Arbitration should be decided first. *See* Dkt. 32. Indeed, courts routinely do the opposite: decide motions to transfer venue before resolving motions to compel arbitration. *See, e.g.*, *Esposito v. Airbnb Action, LLC*, 538 F. Supp. 3d 844, 850 (N.D. Ill. 2020) (deciding only motion to transfer venue under 28 U.S.C. § 1404(a) when presented with both motion to transfer venue and motion to compel arbitration); *Carter v. Arise Virtual Sols., Inc.*, No. 16-6262, 2017 WL 192374, at *1 (N.D. Ill. Jan. 18, 2017) (same); *Powell v. Sparrow Hosp.*, No. 09-3239, 2010 WL 582667, at *6 (N.D. Ill. Feb. 12, 2010) (ruling on motion to transfer venue under 28 U.S.C. § 1404(a) before motion to dismiss and motion to compel arbitration because "a finding of personal jurisdiction is not required to address a petition to transfer under 28 U.S.C. §§ 1404(a) or 1406(a)").

That same approach should be followed here. First, as set forth above, Defendants' Motion to Transfer Venue is based entirely on Plaintiffs' allegations, and therefore that motion can be decided now, irrespective of Plaintiffs' request for discovery related to Defendants' Motion to Compel Arbitration. *Showhomes Franchise Corp. v. LEB Sols., LLC*, 17-CV-00508, 2017 WL 3674853, at *1 (M.D. Tenn. Aug. 24, 2017) ("In the interest of judicial economy, the court considers the motion to transfer venue first [before considering the motion to dismiss]."). Second, as set forth in the Motion to Transfer Venue, some of the considerations in deciding whether to transfer venue are the court's "familiarity with the relevant law" and the "relationship of each community to the controversy." *Kahn v. Target Corp.*, 22-cv-4178, 2023 WL 2306940, at *3 (N.D. Ill. Mar. 1, 2023); Dkt. 30 at 9–11. Those considerations warrant having the District of Alaska resolve Defendants' Motion to Compel Arbitration. Specifically, Plaintiffs' argument that the prospective waiver doctrine does not allow for arbitration requires an analysis of Minto's Tribal law. As established by Defendants' Motion to Transfer Venue, the District of Alaska has

6

significant experience and familiarity with Tribal-related issues due, in large part, to the significant tribal presence in Alaska as compared to Illinois. *See* Dkt. 10 at 9–11.

For all these reasons, the Court should deny Plaintiffs' request for venue-related discovery, resolve the Motion to Transfer Venue based on the allegations in the Complaint, and rule on that motion before addressing arbitration.

II. **Discovery Related To The Motion To Compel Arbitration Is Not Warranted.**

The Court should also deny Plaintiffs' request for discovery related to the Motion to Compel Arbitration. Limited discovery on a motion to compel arbitration is appropriate only when "a court still needs to resolve *factual questions* relevant to the enforceability of the arbitration agreement." *Young v. Shipt, Inc.*, 563 F. Supp. 3d 832, 839 (N.D. Ill. 2021) (emphasis added); *see also Deputy v. Lehman Bros.*, 345 F.3d 494, 511 (7th Cir. 2003) (holding that defendant "must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of [plaintiff's] signature"). But here, there are no factual questions to be resolved. Plaintiffs concede that the only issue requiring discovery related to arbitration is whether the arbitration provision is unenforceable under the prospective waiver doctrine—but prospective waiver is a legal question that turns on the substance of Tribal law. Indeed, in *Slate v. Makes Cents, Inc.*, No. 22-4165, 2023 WL 3504931, at *3 (N.D. Ill. May 17, 2023), the court refused to allow limited discovery related to an arbitration agreement based on a prospective waiver challenge because prospective waiver presents purely legal questions: "If the loan agreement itself turns out to be void, then the questions of enforceability of any of its provisions would present only questions of law." *Id.* Thus, without a factual dispute to resolve, there was no need for limited discovery related to the arbitration clause. *Id.* This case is no different. By attacking their arbitration provisions under the prospective waiver doctrine, Plaintiffs raise "only questions of law" requiring no factual development. *Id.*; *see also Gibbs v. Haynes Investments, LLC*, 967 F.3d 332, 339 n.4 (4th Cir. 2020) ("because the borrowers

7

assert that the choice-of-law provisions amount to a prospective waiver, no further evidentiary development beyond the text of the arbitration agreements is required.").

The tribal-lending cases Plaintiffs cite make clear that only applicable Tribal law is relevant to the issue of prospective waiver. In *Harris v. FSST Mgmt. Servs., LLC*, the court considered only the loan agreement and Tribal law in its prospective waiver analysis. No. 22-1063, 2023 WL 5096295, at *3–5 (N.D. Ill. Aug. 9, 2023).[4] The court in *Gibbs* likewise relied only on the loan agreements and Tribal law. *Gibbs*, 967 F.3d at 341–45. And in *MacDonald v. CashCall, Inc*, the court focused its analysis on the loan agreements and applicable arbitration procedures. 883 F.3d 220, 229–30 (3d Cir. 2018); *see also Williams v. Medley Opportunity Fund II, LP*, 965 F.3d 229, 238–43 (3d Cir. 2020) (considering only the loan agreement); *Gingras v. Think Fin., Inc.*, 922 F.3d 112, 127 (2d Cir. 2019) (same).

Plaintiffs' discovery requests, however, go well beyond the loan agreement and any applicable Tribal law. In fact, of their 16 interrogatories and nine document requests, only *two* requests potentially relate to prospective waiver because they request laws of the Minto Tribe. Dkt. 32-1, Document Requests 1–2. Yet there is no need to compel discovery of these documents because a copy of the applicable Minto Tribal law—the Minto Tribe's credit code—has already been provided to Plaintiffs' counsel concurrently with the filing of this response brief. As for Plaintiffs' remaining 23 discovery requests, those relate solely to sovereign immunity issues not yet before the Court. Because these issues have no bearing on the enforceability of the arbitration agreement, permitting discovery on them at this point "would run afoul of 'the unmistakably clear

---

[4] Plaintiffs point to *Harris* in support of their contention that they are entitled to discovery on the Motion to Compel Arbitration, but based on the court's ruling on the motion to compel arbitration in that case, it appears that the only facts the court relied upon outside the Complaint were the applicable tribal law and procedures, and it is unclear from the docket what discovery was permitted. *See Harris*, 2023 WL 5096295, at *5–6; *see also* Dkt. 37, *Harris v. FSST Mgmt. Servs., LLC*, No. 22-1063. Because Defendants have agreed to provide the applicable Tribal law, *Harris* merits little consideration.

8

congressional purpose that the arbitration procedure . . . be speedy and not subject to delay and obstruction.'" *Young*, 563 F. Supp. 3d at 839 (quoting *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978)).

## **CONCLUSION**

For the above reasons, Plaintiffs' Motion to Take Discovery should be denied.

Date: September 27, 2023

Respectfully submitted,

/s/ *Sarah A. Zielinski*
Sarah A. Zielinski
Amy Starinieri Gilbert
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1818
szielinski@mcguirewoods.com
agilbert@mcguirewoods.com
Telephone: 312.849.8100
*Counsel for Defendants*