# **EXHIBIT A**

1

```
                  IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION


   JUSTIN FAHY, et al.              )  Docket No. 23 C 3590
                                    )
                  Plaintiffs,       )
                                    )
          vs.                       )
                                    )
   MINTO DEVELOPMENT CORPORATION, et )  Chicago, Illinois
   al.,                             )  September 14, 2023
                                    )  8:55 o'clock a.m.
                  Defendants.       )


                       TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE MATTHEW F. KENNELLY

   APPEARANCES:

   For the Plaintiff:    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
                         BY:  MR. DANIEL A. EDELMAN
                              MR. MATTHEW J. GOLDSTEIN
                         20 S. Clark Street, Suite 1500
                         Chicago, IL 60603
                         (312) 739-4200


   For the Defendant:    MCGUIREWOODS LLP
                         BY:  MS. AMY L. STARINIERI GILBERT
                         77 W. Wacker Drive, Suite 4100
                         Chicago, IL 6061
                         (630) 881-8065




   Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                         Official Court Reporter
                         219 S. Dearborn Street, Suite 2102
                         Chicago, Illinois  60604
                         (312) 435-5639
```

1   (The following proceedings were had telephonically:)
2   THE CLERK:  Case 23 C 3590, Fahy v. Minto
3   Development.
4   THE COURT:  Can plaintiffs' counsel please give your
5   name for the record.
6   MR. EDELMAN:  Good morning, your Honor.  Daniel A.
7   Edelman for plaintiff.
8   MR. GOLDSTEIN:  Good morning, your Honor.  Matthew
9   Goldstein also for plaintiffs.
10  THE COURT:  And defense counsel.
11  MS. GILBERT:  Good morning, your Honor.  You have Amy
12  Gilbert on behalf of defendants.
13  THE COURT:  Okay.  So it looks like there's four
14  motions before me right now, three filed by the defendants.
15  One is a motion to transfer to the district of Alaska, one is
16  a motion to compel arbitration, and the third is a motion to
17  dismiss on behalf of I think two of the defendants.  And then
18  the plaintiff filed a motion asking to take discovery.
19  So let me just make a couple of observations here.
20  So first of all, the motion to dismiss is not a proper
21  12(b)(6) motion because it relies on material outside of the
22  complaint that's attached to the motion that's material to the
23  merits of the motion and it's not material to what's referred
24  to in the complaint.  The law isn't that a defendant can
25  attach anything that they think is significant to a motion to

1  dismiss under a 12(b)(6) motion. So the motion is stricken.
2  And I'm not going to convert it to a summary judgment motion
3  because that would require a whole bunch of discovery which
4  we're not going to do otherwise. If you want to file a proper
5  12(b)(6) motion, feel free. As of right now, the motion is
6  stricken and whatever clock is running is running as to those
7  defendants. That's, if I'm recalling correctly, Minto
8  Development and Benhti, B-e-n-h-t-i, Economic Development
9  Corporation I think were the two in the motion.
10            So that leaves the motion to transfer and the motion
11  to compel arbitration.
12            And the motion to take discovery pertains to those,
13  but, you know, although there's a passing reference in the
14  motion to limited discovery, there's no -- you haven't given
15  me anything that says, here's the discovery we want to serve
16  or, here's the limited subjects we want to take discovery on,
17  and I don't think you're entitled to full-blown discovery.
18  I'm not sure whether you're entitled to discovery. Maybe you
19  are, but you're certainly not entitled to full-blown discovery
20  at this point.
21            So what specifically -- actually, here's what I want
22  you to do. If you want me to actually address that motion
23  before I set a briefing schedule on the motion to transfer and
24  the motion to compel arbitration, you're going to have to
25  supplement it by let's say Monday or Tuesday with something

1 that says, here is the discovery you want to do. If there's
2 document requests or interrogatories, here they are, and,
3 here's the depositions we want to take and, here's the
4 subjects that we want to do discovery on so I can have a sense
5 of what the limitation is.
6     MR. EDELMAN: We would like to do that, your Honor.
7 Yes, your Honor.
8     THE COURT: You have until Tuesday. Tuesday is the
9 19th.
10     MS. GILBERT: Your Honor, if I may.
11     THE COURT: Okay.
12     MS. GILBERT: It's defendants' position that the
13 threshold issue to be decided is the motion to transfer venue
14 and because defendants' argument on that front is based
15 entirely on plaintiffs' allegation in the complaint, there's
16 simply no need for plaintiffs to take discovery before the
17 motion to transfer venue is decided. And to the extent that
18 motion is decided, then discovery pertains only to the motion
19 to compel arbitration. But, your Honor, often what courts
20 allow in those cases when discovery is allowed are very
21 limited documents, the operative tribal charter, any documents
22 reflecting applicable tribal law, resolutions, things of that
23 particular nature, and these are things that we may be able to
24 produce informally without allowing plaintiffs' outpouring of
25 unlimited discovery. So I just raise that to say it may be

1 that we are able to work this out without the need for a
2 supplement and briefing on the discovery issue.
3  THE COURT: Thank you. I guess the difference
4 between me and you is I can't read minds. So the plaintiff is
5 going to file a supplement to the motion to take discovery by
6 next Tuesday. Next Tuesday is the 19th. Defendant is to
7 respond to that motion, the motion to take discovery -- you
8 can tell me what you just told me and anything else you want
9 to tell me -- by a week after that. That's the 27th of
10 September. I'm going to set this over for about a week or ten
11 days after that. That will be the 6th of October. We'll do a
12 phone call on the 6th of October at 9:15.
13  MS. GILBERT: Yes, your Honor. That's fine for
14 defendants.
15  MR. EDELMAN: Very well, your Honor.
16  THE COURT: That's the date. It's the same phone
17 number as today. And the other motions -- all the motions are
18 entered and continued to that date.
19  MR. EDELMAN: Thank you, your Honor.
20  MS. GILBERT: Thank you, Judge.
21   (Which were all the proceedings had in the above-entitled
   cause on the day and date aforesaid.)
22   I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
23
   /s/ *Carolyn R. Cox, CSR, RPR, F/CRR*        September 21, 2023
24 Official Court Reporter
   United States District Court
25 Northern District of Illinois
   Eastern Division